IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:21-cr-4 |
| CLARENCE EUGENE BARR, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Clarence Eugene Barr's Motion for Psychiatric Exam to Determine Competency, doc. 40, and the Government's Motion for Psychiatric Exam pursuant to 18 U.S.C. § 4242 (a). Doc. 44. The Court held a hearing in this matter on July 19, 2021. Doc. 42. Following the hearing, Defendant Barr was transferred to a Bureau of Prisons facility and Haley Wentowski, Psy. D., Forensic Psychologist, conducted a psychiatric evaluation of Barr and authored a report ("the Psychological Report") summarizing her findings.[1] Doc. 51. The parties have also stipulated to all material aspects of the Psychological Report. Doc. 54.

Based on the entire record in this case, including the Psychological Report, I find Mr. Barr is capable of understanding the charges against him and meaningfully consulting with his attorney about his defense. Therefore, I **RECOMMEND** the Court find Defendant Barr is competent to stand trial and proceed with this case. Additionally, I find that at the time of the

---

[1] Dr. Wentowski's Psychological Report contains two reports—one concerning competency and one concerning sanity. For convenience, Dr. Wentowski's reports are referred to in the singular as the Psychological Report.

commission of the alleged offense Mr. Barr was not suffering from a mental disease or defect such that he was unable to appreciate the nature and quality or the wrongfulness of his actions. Therefore, I **RECOMMEND** the Court find Defendant Barr was sane at the time of the commission of the alleged offense.

## BACKGROUND

The United States charges Mr. Barr by way of Indictment with Count One: Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, 18 U.S.C. § 2422(b); Count Two: Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2); and Count Three: Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(b).  Doc. 3.  Mr. Barr appeared for his initial appearance and arraignment on May 25, 2021.  On July 6, 2021, Mr. Barr's counsel filed a Motion for Determination of Mental Competency of Defendant Clarence Barr.  Doc. 40.  The Court conducted a hearing on the Motion on July 19, 2021.  Mr. Barr's counsel subsequently filed a Notice of Insanity Defense on July 20, 2021.  Doc. 43.  The Government filed its own Motion for Pre-Trial Mental Health Examination Pursuant to 18 U.S.C. § 4242 (a).  Doc. 44. After hearing from the parties at the July 19, 2021 hearing, it was ordered that Defendant be committed to BOP for a psychological examination.  Specifically, the Court issued an order based on 18 U.S.C. § 4247(b) and (c) granting Mr. Barr's counsel's motion and ordering that Mr. Barr be evaluated by a psychiatrist or psychologist under 18 U.S.C. §§ 4247(b) and (c) to determine if he is competent to stand trial and whether he was insane at the time of the commission of the alleged offense.  Doc. 45.

Pursuant to the Court's Order, doc. 45, Haley Wentowski, Psy.D., Forensic Psychology, at the Lexington Federal Medical Center (FMC), evaluated Mr. Barr from September 15, 2021 to

October 29, 2021, and provided a report of her evaluation to the Court. Doc. 51. In her Psychological Report, Dr. Wentowski explained, based on her evaluation, she is of the opinion that Defendant Barr is competent in that Mr. Barr is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. Dr. Wentowski is of the opinion, as stated in her report, that Defendant Barr is competent to stand trial. Dr. Wentowski also explained she is of the opinion that at the time of the commission of the acts constituting the alleged offenses, Mr. Barr was not suffering from a mental disease or defect such that he was unable to appreciate the nature and quality or the wrongfulness of his actions. Accordingly, Dr Wentowski holds the opinion that Mr. Barr was sane at the time of the commission of the acts constituting the alleged offenses.

Following the review of Dr. Wentowski's report, the parties filed a stipulation with the Court on December 13, 2021, doc. 54, stating the parties have no objections to Dr. Wentowski's Psychological Report, including all of the findings, procedures, evaluations, test results, diagnostic impressions, and opinions described and expressed in the report. The parties ultimately stipulate Defendant was sane at the time of the offense and that Defendant is competent to proceed in this case.

**DISCUSSION**

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution

forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995). Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial

without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Wentowski formed the opinion that Mr. Barr is competent to stand trial in this case. Dr. Wentowski reached this conclusion after observing and speaking with Mr. Barr, reviewing his medical records and criminal history, and conducting various tests. There is no evidence in the record that contradicts Dr. Wentowski's conclusions. Indeed, at this point, neither Mr. Barr nor the Government dispute Mr. Barr's competency. While the undersigned had reasonable cause to believe Mr. Barr may have suffered from a mental disease or defect at the time I ordered Mr. Barr's competency evaluation, Dr. Wentowski's thorough evaluation and the lack of any contradictory evidence have removed any concerns or doubt about Mr. Barr's competency. The undersigned agrees with Dr. Wentowski's conclusion that Mr. Barr understands the nature and consequences of the charges against him, can properly assist in his defense, and, therefore, is competent to stand trial. I, therefore, **RECOMMEND** the Court find Mr. Barr is competent to stand trial.

Regarding Mr. Barr's sanity at the time of the offenses, Dr. Wentowski determined Mr. Barr was able to appreciate the nature and quality of his actions at the time of the alleged offense. To successfully assert an insanity defense, a defendant must show by clear and convincing evidence that he was unable to appreciate the nature and quality or wrongfulness of his actions at the time of the alleged offense. United States v. Freeman, 804 F.2d 1574, 1577 (11th Cir. 1986). Dr. Wentowski concluded there was no evidence Mr. Barr was experiencing symptoms which were impairing his perception of reality or interfering with his ability to understand the nature and quality or wrongfulness of his actions at the time of the alleged

offenses. Although Mr. Barr reported feeling anxious and depressed at the time of the alleged conduct, Dr. Wentowski concluded such symptoms do not significantly impair one's perception of reality or render one not responsible for their general functioning. Dr. Wentowski recognized Mr. Barr's intellectual limitations, but concluded the limitations were not severe enough to preclude him from understanding the nature and quality of the wrongfulness of his actions. Dr. Wentowski also recognized Mr. Barr's substance abuse, but determined the abuse did not contradict her findings on Mr. Barr's sanity. Ultimately, Dr. Wentowski determined Mr. Barr was not suffering from any mental disease or defect at the time of the commission of the alleged offenses such that Mr. Barr would not be able to appreciate the nature and quality or the wrongfulness of his actions. Nothing in the record undermines or negates Dr. Wentowski's conclusions. Furthermore, defense counsel and the Government have stipulated to Dr. Wentowski's conclusions, and there is no other evidence indicating Mr. Barr was insane at the time of the commission of the alleged offenses. Based on these facts, it is the undersigned's opinion that Mr. Barr has not proven by clear and convincing evidence that he was unable to appreciate the nature and quality or wrongfulness of his actions at the time of the alleged offense. Therefore, I **RECOMMEND** the Court find that Mr. Barr was sane at the time of the commission of the alleged offenses in this case.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Barr competent to stand trial and proceed with this case and **RECOMMEND** the Court find Mr. Barr was sane at the time of the commission of the alleged offenses in this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of December, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA